William L. Buus (SBN 180059)
wbuus@schifferbuus.com
Eric M. Schiffer (SBN 179695)
eschiffer@schifferbuus.com
SCHIFFER & BUUS APC
3070 Bristol Street, Suite 530
Costa Mesa, CA 92626
Telephone: (949)825-6140
Facsimile: (949)825-6141

Attorneys for Plaintiff SPIRAL GROUP,
a California corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIRAL GROUP, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VELOX MOTORSPORTS LLC, an Arizona limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 17-cv-747<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, COMMON LAW TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION |

Plaintiff SPIRAL GROUP, through its attorneys Schiffer & Buus, APC, alleges as follows:

**THE PARTIES**

1. Plaintiff SPIRAL GROUP ("Plaintiff") is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City of Ontario, County of San Bernardino, State of California.

2. On information and belief, Defendant VELOX MOTORSPORTS LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Arizona and has its principal place of business within the City of Avondale, County of Maricopa, State of Arizona.

3. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff and therefore Plaintiff sues these Defendants by these fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

4. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

5. Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this Complaint, Defendant and Does 1 through 10, inclusive (collectively, the "Defendants"), were the agents, servants and employees of their Co-Defendants, and in doing the things set forth in this Complaint were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants. Moreover, Plaintiff is informed and believes, and on that basis alleges, that each Defendant ratified the acts of his/her/its Co-Defendants, as more particularly alleged in this Complaint.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action under 15 U.S.C. section 1121 and 28 U.S.C. sections 1331 and 1338(a) in that this case arises under the trademark laws of the United States, 15 U.S.C. sections 1051, *et seq.*, including 15 U.S.C. sections 1114(1) and 1125(a). This Court also has original jurisdiction over this action under 15 U.S.C. section 1338(b) in that it asserts a claim for unfair competition that is joined with a substantial and related trademark claim. This Court has supplemental jurisdiction over the non-federal claims set forth herein under 28 U.S.C. section 1367 in that those claims are so related to the federal claims that they form part of the same case or controversy.

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant regularly engages in business and derives

revenue from products sold and used in California. On information and belief, Defendant has exported, distributed, sold and marketed the products at issue herein to residents of California. Also, product bearing the name of Defendant and the name "Velox" is available for purchase on Defendant's website, www.velox-motorsports.com.

## PLAINTIFF AND ITS TRADEMARKS

8. Plaintiff is a family-owned business that is engaged in, among other things, the design and sale of certain aftermarket automobile parts, including wheels bearing the "Velox" name. It has been in business since 1999 and, over the years, its products have attained critical acclaim and popularity due to their unique designs, workmanship and quality.

9. Plaintiff is the user of the mark "Velox" and commenced using that mark in interstate commerce in the United States at least as early as 1999 in connection with the sale and offer for sale of aftermarket automobile parts. That mark is referred to herein as "the Velox Mark." Plaintiff has used the Velox Mark in connection with such goods continuously from the time it adopted them until the present.

10. Plaintiff owns the Velox Mark and has the exclusive right to use them in connection with aftermarket automobile wheels and any related goods and services.

11. At all times relevant to the acts complained of herein, Plaintiff has used the Velox Mark to identify its goods and to distinguish them from the goods and services made, offered and sold by others by, among other things, prominently displaying the Velox Mark on its products, on the packaging of those products, and on its Internet website and other advertising materials promoting its goods.

12. The presence of the Velox Mark for Plaintiff's goods indicates to the public that the products provided under the Velox Mark originate with, or are provided by, Plaintiff. Plaintiff adheres to strict quality standards in the

manufacture of its aftermarket automotive products. Thus, the consuming public has come to associate the Velox Mark with aftermarket automotive parts and related products and services of high quality. As a consequence of all of the foregoing, the Velox Mark has attained considerable value and the goodwill associated with them represents a valuable business asset.

13. On April 11, 2017, the Velox Mark was registered by the United States Patent and Trademark Office as Registration Number 5,179,073 (hereinafter "the '073 Registration"), in International Class 12 for "land vehicle parts, namely, wheels." A true and correct copy of the registration certificate is attached hereto as Exhibit "A."

## THE DEFENDANTS' ACTIVITIES

14. Plaintiff is informed and believes, and based thereon alleges, that the Defendants are offering to provide, are advertising and are selling nationwise, including California, aftermarket automobile parts using the Velox Mark, including but not limited to aerodynamic, engine/drivetrain, suspension, and cooling system components.

15. On or about February 21, 2017 and, again, on or about March 20, 2017, counsel for Plaintiff sent by Certified Mail letters to Defendant, demanding it to cease using the Velox Mark in connection with its business. A true and correct copy of those letters are attached hereto as Exhibits "B" and "C," respectively. Defendant responded in writing, denying that it was infringing Plaintiff's Velox Mark.

16. By reason of Defendant's acts, as alleged herein, Plaintiff has suffered damage to its business, including reputation and goodwill. Defendant's acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendant is restrained by this Court from continuing its unauthorized use of the marks, words and symbols that are confusingly similar to Plaintiff's marks, these injuries will continue to

occur.

**FIRST CLAIM FOR RELIEF**

**(For Trademark Infringement – 15 U.S.C. § 1114(1))**

17. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth in this paragraph.

18. Plaintiff has never authorized or consented to Defendants' use of any mark which is the same as, is confusingly similar to, or constitutes a colorable imitation of, the Velox Mark in commerce in connection with its products or services.

19. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C. section 1114 subsection (1).

20. Defendants' acts have been undertaken with full knowledge of Plaintiff's rights in and to the Velox Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the Velox Mark.

**SECOND CLAIM FOR RELIEF**

**(For False Designation of Origin – 15 U.S.C. § 1125(a))**

21. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth in this paragraph.

22. The Velox Mark is owned by Plaintiff and Plaintiff has continuously used it in commerce for many years. Plaintiff has not authorized or consented to Defendants' use of the mark or of any similar mark or name in connection with its products or services.

23. Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' products or services in violation of Section 43(a) of the Lanham Act,

15 U.S.C. section 1125, subsection (a).

24. Plaintiff is informed and it believes and, based thereon it alleges that Defendants' acts have been undertaken with full knowledge of Plaintiff's rights in and to the Velox Mark and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the mark.

25. Defendants' acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing its unauthorized use of marks, words and symbols that are confusingly similar to the Velox Mark, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

**(For Common Law Trademark Infringement)**

26. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth in this paragraph.

27. On information and belief, the Defendants' actions, as described above, constitutes conduct which is willful, malicious and so careless as to indicate a wanton disregard for the intellectual property rights of Plaintiff. Further, the Defendants' acts, as alleged above, constitute conduct which is so outrageous as to demonstrate willfulness, maliciousness or recklessness in that they have been undertaken with a conscious disregard of Plaintiff's intellectual property rights and with a desire to injure Plaintiff's business and to improve its own. Such conduct was authorized or committed by one or more officers, directors, or managing agents of Defendants who acted on behalf of those Defendants.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition – Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

28. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth in this paragraph.

29. Defendants' conduct as alleged herein is unlawful, unfair and fraudulent and has caused actual injury to Plaintiffs in violation of California Business and Professions Code sections 17200 *et seq.*

30. The above-described acts of Defendants constitute common law unfair competition in that Defendants are attempting to pass off its goods and services as those of Plaintiff. Such acts have caused and will continue to cause irreparable and immediate injury to Plaintiff for which Plaintiff has no adequate remedy at law. Unless Defendants are restrained by this Court from continuing the acts alleged herein, these injuries will continue to occur.

31. On information and belief, the Defendants' actions, as described above, constitutes conduct which is willful, malicious and so careless as to indicate a wanton disregard for the intellectual property rights of Plaintiff. Further, the Defendants' acts, as alleged above, constitute conduct which is so outrageous as to demonstrate willfulness, wantonness or recklessness in that they have been undertaken with a conscious disregard of Plaintiff's intellectual property rights and with a desire to injure Plaintiff business and to improve its own.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an order permanently enjoining Defendants and Defendants' officers, agents, employees and representatives, and all those acting in concert or in combination with them, from:

a. Using any mark or designation that makes use of the term "Velox" or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Plaintiff's goods;

b. Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term "Velox" or any

permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, Plaintiff's goods;

c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the Velox Mark;

2. For an order directing the Defendants to deliver up for destruction all products, labels, boxes, signs, prints, prints, packages, wrappers, and artwork in its possession, or under its control, bearing or intended to bear the term "Velox" or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3. For an order pursuant to 15 U.S.C. section 1125(c)(1) permanently enjoining Defendants and Defendants' officers, agents, employees, and all those acting in concert or in combination with them from making use of the Velox Mark or any other mark that contains the term "Velox" or any phonetic equivalent of that mark in connection with the sale of automotive parts or related services, including as part of a domain name;

4. For a monetary award in favor of Plaintiff in an amount equal to (i) Plaintiff's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. section 1117(a);

5. For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. section 1117(a);

6. For a finding that the Defendants' acts of infringement were willful within the meaning of 15 U.S.C. section 1117(c)(2);

7. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

8. For a finding that the Defendants' acts were undertaken willfully,

maliciously and so carelessly as to indicate a wanton disregard for the intellectual property rights of Plaintiff and that Defendants' acts constitute conduct which is so outrageous as to demonstrate willfulness, wantonness or recklessness in that they were undertaken with a conscious disregard of Plaintiff's common law trademark rights and for an award of exemplary damages in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

9. An award of costs under 15 U.S.C. section 1117(a), or as otherwise provided by law; and

10. For such other and further relief as the court deems just and proper.

Dated: April 17, 2017

SCHIFFER & BUUS APC

By: William L. Buus
Counsel for Plaintiff SPIRAL GROUP

**REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all claims above which may properly be trial to a jury.

Dated: April 17, 2017

SCHIFFER & BUUS APC

By: William L. Buus
Counsel for Plaintiff SPIRAL GROUP